UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:05cr58 (SRU) |
| ALEX LUNA, et al. | |

### RULING ON MOTION TO DISMISS INDICTMENT

Warren Hawkins and Arcardio Ramirez have been charged with conspiracy to possess with intent to distribute and conspiracy to distribute cocaine and cocaine base. Hawkins has filed a motion to dismiss the indictment due to the alleged insufficiency of grand jury evidence pertaining to him. Ramirez has not filed a written motion, but during the final pre-trial conference, moved orally to join Hawkins' motion on the ground that the evidence before the grand jury testimony pertaining to him was also insufficient.

Hawkins argues that the only evidence before the grand jury relating to him was testimony by DEA Agent Eileen Dinan regarding his purchase of an undescribed and undetermined amount of drugs. Hawkins maintains that there was no testimony regarding any alleged involvement on his part in a conspiracy to sell drugs. Although he filed his motion to dismiss before he receiving the transcript of grand jury testimony, the government has now, in advance of trial, provided the defendants with grand jury transcripts. The defendant has not provided the court with excerpt of the transcripts.

The Supreme Court has held that "'[i]t would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury.'" *United States v. Williams*, 504 U.S. 36, 54 (1992) (quoting *Costello v. United States*, 350 U.S. 359, 363-364 (1956)). *See also*

*United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000); *United States v. Roth*, 777 F.2d 1200, 1203 (7th Cir. 1985).

To the extent that either of the defendants also allege that the prosecutor misled the grand jury, such an argument is equally unavailing. In *Williams*, the Supreme Court considered the appropriateness of judicial scrutiny of a prosecutor's presentation before a grand jury:

> It would make little sense, we think, to abstain from reviewing the evidentiary support for the grand jury's judgment while scrutinizing the sufficiency of the prosecutor's presentation. A complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was "incomplete" or "misleading." Our words in *Costello* bear repeating: Review of facially valid indictments on such grounds "would run counter to the whole history of the grand jury institution[,] [and] [n]either justice nor the concept of a fair trial requires [it]." 350 U.S., at 364, 76 S. Ct., at 409.

*Williams*, 504 U.S. at 54-55 (footnote omitted). *Accord United States v. Howard*, 216 F.3d 1074 (2d Cir. 2000) (unpublished) ("A district court cannot dismiss an indictment because the prosecution presented unreliable, misleading, or incomplete evidence to the grand jury.").

Because a district court has no power to review the evidence before a grand jury to determine sufficiency or to consider allegations that a prosecutor presented incomplete or misleading evidence to the grand jury, the defendants' motion to dismiss the indictment is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 10th day of May 2006.

/s/ Stefan R. Underhill
   Stefan R. Underhill
   United States District Judge